**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

ALEXANDER HUNTING,

      Plaintiff,

v.                                                                                    Case No:   6:25-cv-1391-JSS-LHP

CAPITAL ONE BANK, N.A,

      Defendant

**ORDER**

Before the Court is Plaintiff's Motion to Compel Production of Documents from Defendant, Capital One Bank, N.A., seeking to compel Defendant to produce documents responsive to Plaintiff's Requests for Production 10, 14–16, and 23–25. Doc. No. 31.   By response and Court-ordered reply, however, the motion has been pared down to only Request 16, which relates to "other customers' unauthorized electronic fund transfer claims during 2024, including claims data, resolution statistics, and any pattern analysis conducted."   Doc. No. 31-2, at 14–15; *see also* Doc. Nos. 32–34.   Defendant argues that Request 16 seeks sensitive, confidential financial information of its customers, production would violate the privacy rights

of its customers, and the information is irrelevant in this case.   Doc. No. 32, at 3.[1]

Defendant cites no legal authority in support.   *Id.*[2]

Upon consideration, given Plaintiff's contentions in reply that he is not seeking personal or sensitive customer information in Request 16, and that the information is relevant to his claims and damages in addition to Defendant's defenses, as well as Claimant's reliance on other/similar consumer protection statutes to support same (Doc. No. 34), the Court finds a sur-reply from Defendant appropriate.   *See* Doc. No. 21 ¶ 6.

Accordingly, it is **ORDERED** that within **five (5) days** of the date of this Order, Defendant shall file a sur-reply brief, not to exceed **five (5) pages** in length, addressing, <u>by citation to legal authority</u>, the issues raised by Plaintiff's reply. Defendant shall also address the applicability of the legal authority on which Plaintiff relies.   *See* Doc. No. 34.   The parties are reminded of their obligation to continue to confer regarding this dispute, and to promptly notify the Court of any resolution.   Doc. No. 21 ¶ 8.

---

[1] Because these are the only arguments Defendant asserts in its response, these are the only objections addressed.   *See, e.g.*, *Jackson v. Geometrica, Inc.*, No. 3:04-cv-640-J-20HTS, 2006 WL 213860, at *1 (M.D. Fla. Jan. 27, 2006) (objections not addressed in response to a motion to compel are deemed abandoned).

[2] The Court recognizes that the response was filed within the confines of the word limitations of the Standing Order on Discovery Motions, *see* Doc. No. 21, but at present Defendant cites only "Fed. R. Civ. P. 25(b)(1)."   Doc. No. 32, at 3.

**DONE** and **ORDERED** in Orlando, Florida on March 11, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record