**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ALEXANDER HUNTING,

      Plaintiff,

v.                                                          Case No:   6:25-cv-1391-JSS-LHP

CAPITAL ONE BANK, N.A,

      Defendant

_____

**ORDER**

Before the Court is Plaintiff's Motion to Compel Production of Documents from Defendant, Capital One Bank, N.A.  Doc. No. 31.  Plaintiff seeks to compel Defendant to produce documents responsive to his Requests for Production 10, 14–16, and 23–25.  *Id.*  By response and Court-ordered reply briefing, however, the motion has been limited to only Request 16.  Doc. No. 31-2, at 14–15; *see also* Doc. Nos. 32–36.  Accordingly, this Order substantively addresses only Request 16, and Plaintiff's motion (Doc. No. 31) will be denied as moot as to Requests 10, 14, 15, and 23–25.

In this case, Plaintiff sues Defendant for violations of the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693 et seq., and also brings claims for breach of

contract and conversion, arguing Defendant mishandled his claims of fraud related to certain checking accounts in June 2024.  Doc. No. 13.[1]  Plaintiff alleges, among other things, that Defendant violated the EFTA by denying his claims of unauthorized transactions without providing any written explanation, without providing him the documents that it reviewed during its investigation, and without providing a provisional credit for the lost funds.  *Id.* ¶¶ 34, 37, 43, 46–74.

Request 16 and Defendant's objection thereto provide as follows:

16. All documents relating to other customers' unauthorized electronic fund transfer claims during 2024, including claims data, resolution statistics, and any pattern analysis conducted.

**OBJECTION:** Capital One objects to this Request to the extent it purports to require production of documents beyond the scope of Rule 26 of the Federal Rules of Civil Procedure, in particular the identification of documents related to parties not involved in this litigation.  Capital One objects to this Request because it seeks information equally available to, or accessible by, Plaintiff, including information available from the public record. Capital One further objects to this Request because it is disproportional to the needs of the case considering the amount in controversy is less than $4,000 and because the burden or expense of the proposed discovery outweighs its likely benefit in this case.  *See* Fed. R. Civ. P. 26(b)(1).  Capital One further objects to this request because it seeks the confidential information of other Capital One customers.  Capital One objects to this Request to the extent it seeks documents protected from disclosure under the attorney-client privilege, work-product doctrine, or any

---

[1] In his briefing, Plaintiff does not mention or rely on the state law claims for purposes of this discovery dispute.  *See* Doc. Nos. 31, 34.  Thus, the remainder of this Order focuses on the relevancy of the discovery sought with respect to Plaintiff's EFTA claim alone.

other claim of privilege or immunity, including counsel's work product and mental impressions concerning the litigation.

**RESPONSE:** Capital One stands on its objections.[2]

Doc. No. 31-2, at 14–15.[3]

Plaintiff argues that the information sought by Request 16 is relevant in this case because: (1) it is relevant to show absence of mistake or lack of accident under Federal Rule of Evidence 404(b)(2); (2) similar information is discoverable with respect to other consumer protection statutes, such as the Fair Credit Reporting Act ("FCRA"), Telephone Consumer Protection Act ("TCPA"), and Florida Consumer Collection Practices Act ("FCCPA"); and (3) claims data and resolution statistics would be relevant to Plaintiff's claim for treble damages under the EFTA and Defendant's affirmative defenses.  Doc. No. 34; *see also* Doc. No. 31.  Defendant argues, however, that Request 16 seeks the confidential information of its customers who are non-parties to this litigation, the information sought is disproportionate to the needs of this case given the relatively low amount in controversy (less than $4,000.00), and the information sought is not relevant to Plaintiff's EFTA claim,

---

[2] These are Defendant's amended responses, served upon agreement after conferral on Defendant's initial objections.   *See* Doc. No. 31, at 1–2.

[3] Pinpoint citations refer to the pagination provided by CM/ECF, rather than the internal pagination on the documents.

which resolves on how Defendant handled Plaintiff's claim, not the claims of others. Doc. Nos. 32, 36.

At bottom, the issue is whether Request 16 seeks relevant information. *See* Doc. Nos. 31, 32, 34, 36. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted).

Generally, "[t]he proponent of a motion to compel discovery . . . bears the initial burden of proving that the information sought is relevant." *Creative Touch Interiors, Inc. v. Nicholson*, No. 6:14-cv-2043-Orl-40TBS, 2015 WL 5952986, at *2 (M.D. Fla. Oct. 13, 2015) (citation omitted). "When the discovery sought appears relevant on its face, the party resisting it must show the lack of relevance . . . ." *Bldg. Materials Corp. of Am. v. Henkel Corp.*, No. 6:15-cv-548-Orl-22GJK, 2016 WL 7734066, at *1 n.1 (M.D. Fla. Aug. 26, 2016) (quoting *Zorn v. Principal Life Ins. Co.*, No. CV 609-081, 2010 WL 3282982, at *2 n.3 (S.D. Ga. Aug. 18, 2010)). However, "[w]hen relevancy of a discovery request is not apparent on the face of the request, then the party seeking discovery has the burden to show its relevancy." *Id.* (quoting *Zorn*,

- 4 -

2010 WL 3282982, at *2 n.3); *see also Yergey v. Brinker Fla., Inc.*, No. 6:20-cv-917-Orl-37LRH, 2020 WL 10817752, at *1 (M.D. Fla. Dec. 9, 2020).

Here, the relevancy of the information sought by Request 16 is not apparent on its face. Indeed, the request for "all documents" is overbroad, and the Court agrees with Defendant that Request 16 is not proportional to the needs of this case. *Cf. Orange Lake Country Club, Inc. v. Castle Law Group, P.C.*, No. 6:17-cv-1044-Orl-31DCI, 2018 WL 3390254, at *2 (M.D. Fla. Feb. 21, 2018) (finding that certain requests are "overly broad on their face, and fail to survive Rule 26(b) scrutiny, in that they are not proportional to the needs of this case, given the relevance of the requested discovery" and further noting that requests for "'all documents' at the outset of each request lacks proportionality and arguably captures a host of documents and communications that would have little to no relevance to this case"). Indeed, by a plain reading of Request 16, it is not entirely clear the universe of information Plaintiff seeks, *see* Doc. No. 31-2, at 14, and the parties dispute what responsive production would entail, *see* Doc. Nos. 31, 32, 34, 36.

In his briefing, Plaintiff cites no case law relating to the relevance of this requested discovery under the EFTA, but points to cases in other contexts to argue that courts have permitted discovery of similar information. Doc. No. 34. But those cases are distinguishable based both on the applicable law and based on the

procedural posture and/or the facts.[4]   To the extent that Plaintiff contends that

Request 16 would be relevant to his claim for treble damages, Plaintiff also attempts

to analogize the statutory damages schemes under the TCPA and FCCPA, but the

Court is unpersuaded, given that the language of the treble damages provision of

---

[4] *Broadway v. State Farm Auto. Ins. Co.*, No. 2:13cv628-WKW, 2014 WL 12741134 (M.D. Ala. Dec. 30, 2014), was a bad faith insurance litigation case.   *Broadway* allowed discovery of other lawsuits, but did not allow discovery of other complaints that did not result in lawsuits.   *See id.* *7–9.   Here, Request 16 is not so limited.

*Brown v. Vivint Solar, Inc.*, No. 8:18-cv-2838-T-24JSS, 2020 WL 3640478, at *1 (M.D. Fla. July 6, 2020), *order clarified by* 2020 WL 5902170 (M.D. Fla. Aug. 24, 2020), was an FCRA case dealing with a motion in limine, with the plaintiff pointing to the ruling on the admissibility of other lawsuits and the ability to call the filer and two other consumers to demonstrate notice of the alleged FCRA violations in past cases.   Again, however, Request 16 is not explicitly asking for other lawsuits filed against Defendant.

*McCaskill v. Navient Solutions*, No. 8:15-cv-1559-T-33TBM, Doc. No. 64, at 7 (M.D. Fla. 31, 2015), was a TCPA, FCCPA, and Fair Debt Collection Practices Act ("FDCCPA") case.   That discovery order compelled production of formal written complaints or inquiries by a State of Florida or federal agency; notably, however, the Court denied the motion as it related to general requests for prior formal or informal complaints, finding them overbroad and disproportionate.   *Id.* at 3, 7.   Here too, Request 16 is overbroad, and Plaintiff's motion papers include no discussion of seeking formal complaints with state or federal agencies.   Doc. Nos. 31, 34.

*Wijesinha v. Bluegreen Vacations Unlimited, Inc.*, No. 19-20073-CIV, 2019 WL 3409487, at *8 (S.D. Fla. Apr. 3, 2019), was a TCPA case dealing with a motion to dismiss, which Plaintiff relies on for the proposition that discovery may be necessary on the "knowing and willful" requirement for treble damages under the TCPA.   Thus, it is distinguishable, and not persuasive here.

Finally, Plaintiff points to *Knox-Thompson v. Truist Bank*, No. 8:20-cv-1145-T-35MSS, 2020 WL 10354010, at *1 (M.D. Fla. Nov. 3, 2020), but only for the general rules on permissible discovery under Rule 26.   Although *Knox-Thompson* did concern claims under the EFTA, the discovery sought did not relate to other customer complaints.

the EFTA is different.   Doc. No. 34, at 3–4.[5]   And finally, besides a broad reference to Rule 404(b)(2) evidence, Plaintiff does not explain how that would apply to the information he seeks to discover here, and he relies on distinguishable case law in support.[6]

-----

[5] According to Plaintiff's briefing, the TCPA "provides for treble damages if a court finds that a defendant willfully or knowingly contacted a consumer using an automatic telephone dialing system, without prior consent," and the FCCPA "provides for punitive damages and a court must consider, among other things, 'the frequency and persistence of noncompliance," the "nature of such noncompliance,' and 'the extent to which such noncompliance was intentional.'"   Doc. No. 34, at 3 (citing 47 U.S.C. § 227(c)(3), Fla. Stat. § 559.72(2)).   However, the treble damages provision of the EFTA does not include the same or similar language, and instead appears to focus on the defendant's conduct with respect to the plaintiff's specific claim:

If in any action under section 1693m of this title, the court finds that--

(1) the financial institution did not provisionally recredit a consumer's account within the ten-day period specified in subsection (c), and the financial institution (A) did not make a good faith investigation of the alleged error, or (B) did not have a reasonable basis for believing that the consumer's account was not in error; or

(2) the financial institution knowingly and willfully concluded that the consumer's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to the financial institution at the time of its investigation,

then the consumer shall be entitled to treble damages determined under section 1693m(a)(1) of this title.

15 U.S.C. § 1693f(e).   Thus, absent further explanation or authority by Plaintiff, the Court finds the reliance on the treble damages provision to establish relevance unpersuasive.

[6] Plaintiff relies on *Broadway v. State Farm Auto. Ins. Co.*, No. 2:13CV628-WKW, 2014 WL 12741134 (M.D. Ala. Dec. 30, 2014), which is a bad faith insurance litigation case applying Alabama state law, which noted that intent must generally be proven to support such a claim, and with the Court referencing Rule 404(b)(2) in a footnote.   *Id.* at *7 & n.10.

In sum, Request 16 is facially overbroad, and Plaintiff has not carried his burden of establishing relevance as to the breadth of discovery sought sufficient to compel responsive production thereto.   *See generally Scudder v. Equifax Info. Servs., LLC*, No. 3:21-cv-741-TJC-JBT, 2022 WL 22884248, at *1 (M.D. Fla. Oct. 20, 2022) (denying motion to compel discovery where the movant did not carry his burden of showing that the discovery sought was proportional to the needs of the case); *Sanchez v. Cardon Healthcare Network, LLC*, No. 3:12-cv-902-J-34JBT, 2013 WL 2352142, at *2 (M.D. Fla. May 29, 2013) (denying motion to compel where the relevancy of the requested discovery was not apparent from the face of the discovery request, and the plaintiff failed to carry his burden of otherwise establishing it).

For these reasons, the motion (Doc. No. 31) as it relates to Requests 10, 14, 15, and 23–25 is **DENIED as moot.**   The motion (Doc. No. 31) as it relates to Request

---

Thus, Plaintiff's reliance thereon is unpersuasive to establish that pattern and practice evidence of the type sought by Request 16 would be also discoverable/relevant in this case. And as mentioned *supra*, n.4, the court allowed discovery of only other complaints resulting in lawsuits, while Request 16 here is not so limited.

To the extent that Plaintiff points to *Wijesinha v. Bluegreen Vacations Unlimited, Inc.*, No. 19-20073-CIV, 2019 WL 3409487, at *8 (S.D. Fla. Apr. 3, 2019), to argue that Request 16 seeks information relevant to Defendant's bona fide error defense, the Court again finds Plaintiff's reliance on that case unpersuasive, as it was decided in the context of a motion to dismiss a TCPA claim.

16 is **DENIED.** Consequently, Plaintiff's request for fees and costs for filing the motion is also **DENIED.**[7]

     **DONE** and **ORDERED** in Orlando, Florida on March 20, 2026.

                                     _____
                                         LESLIE HOFFMAN PRICE
                              UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

[7] Defendant does not request an award of fees or any other sanctions in response, so the Court declines to award any further relief at this time.   Fed. R. Civ. P. 37(a)(5)(B).